| | |
|---|---|
| 1 | ROBERT J. NOLAN (Bar No. 235738) |
| 2 | robert.nolan@dlapiper.com<br>MATTHEW F. MILLER (Bar No. 172661) |
| 3 | matt.miller@dlapiper.com<br>**DLA PIPER LLP (US)** |
| 4 | 555 Mission Street, Suite 2400<br>San Francisco, California 94105-2933 |
| 5 | Tel: 415.836.2500 | Fax:  415.836.2501 |
| 6 | HECTOR E. COREA (Bar No. 318971) |
| 7 | hector.corea@dlapiper.com<br>**DLA PIPER LLP (US)** |
| 8 | 2000 Ave. of the Stars, Ste. 400, N-Tower<br>Los Angeles, California 90067-4735 |
| 9 | Tel. 310.595.3000 | Fax: 310.595.3300 |
| 10 | Attorneys for Defendant<br>ARRAY US INC. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMERDIRECT, INC., a Nevada corporation<br><br>           Plaintiff,<br><br>     v.<br><br>PENTIUS, LLC, a Delaware limited liability company; ARRAY US, INC., a Delaware corporation; SYSTEM ADMIN, LLC, a Florida limited liability company; CALLANDOR, LLC, a Delaware limited liability company; CTH SKIN CORP., a Delaware corporation; HOTBILLS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>           Defendants. | CASE NO. 8:21-CV-01968-JVS-KESx<br><br>**DEFENDANT ARRAY US INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAVID COULTER**<br><br>Date:         March 7, 2022<br>Time:        1:30 a.m.<br>Crtrm:       10C<br><br>Complaint Filed: December 1, 2021<br>Trial Date:        None set |

Defendant Array US Inc. hereby submits the follow evidentiary objections to the Declaration of David Coulter (the "Coulter Declaration"), submitted in support of Plaintiff's Motion for Preliminary Injunction (the "Motion"). As set forth below, the Coulter Declaration is inadmissible and fails to pass muster under the Federal Rules of Evidence ("FRE").

| Para. | Proffered Evidence | Objection |
|---|---|---|
| 5. | Thus, members of the general consumer population such as the over 4 million consumers who are members of Plaintiff's websites recognize the Marks as exclusive source identifiers for goods and services relating to consumer self-help financial services as originating from, sponsored, or approved by Plaintiff. | FRE 401, 403, 602, 701-02<br>The statement is irrelevant because Plaintiff lumps together information concerning the proposed marks, which is irrelevant as to Plaintiff's claims. Even if such information was relevant, Plaintiff's failure to distinguish among the separate marks is substantially more prejudicial than probative. The statement also lacks foundation and personal knowledge, and constitutes inadmissible lay witness testimony. The witness has no foundation or basis to claim personal knowledge as to what the "general consumer population" recognizes in the market. Moreover, such knowledge would squarely fall in the domain of an expert witness with specialized knowledge based on |

| | | | |
|---|---|---|---|
| | | | consumer surveys and other data, and therefore the declarant's statement is inadmissible lay witness testimony. |
| | 7. | Earlier this year, I discovered the following live websites that provide consumer self-help financial services such as the ones that Defendants provide: (1) smartcreditview.com and smartcreditcollege.com, which are confusingly similar to Plaintiff's website smartcredit.com; (2) theidlock.com, which is confusingly similar to Plaintiff's website idlock.com; and (3) creditmonitoringsolutions.com, propercreditmonitoring.com, credithivemonitor.com, honestcreditmonitoring.com, and creditmonitormaster.com, which are confusingly similar to Plaintiff's website creditmonitoring.com (collectively, the "Cybersquatting Domains"). Webpages within the | <u>FRE 602, 703</u><br>The statement is lacks foundation or personal knowledge, and contains improper legal conclusions. The witness does not identify on what facts the declarant bases the assertion that these websites provide any services similar to the ones that "Defendants provide." This statement also contains improper legal conclusions as to whether any websites are "confusingly similar" to Plaintiff's "Marks." |

3
DEFENDANT ARRAY US INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAVID COULTER

| | | | |
|---|---|---|---|
| | | Cybersquatting Domains use the marks "smartcreditview," "smartcreditcollege," and "theidlock," (hereinafter collectively referred to as the "Infringing Marks"). | |
| | 8. | The Cybersquatting Domains generally offer memberships that allow customers to view and track their credit scores and reports, receive credit alerts, learn about credit, and use tools to resolve any disputed or fraudulent items that appear on the credit report, similar to what Plaintiff's smartcredit.com and creditmonitoring.com do; smartcreditcollege.com offers a membership and sells a course book to educate customers about credit and ways to improve credit, similar to what Plaintiff's smartcredit.com does; theidlock.com offers a membership to a product that scans for potential identity theft and fraud, alerts customers of any suspicious activity, and assist with | FRE 602, 703<br><br>The statement is lacks foundation or personal knowledge. The witness does not identify on what facts the declarant bases the assertion that these websites provide the services as characterized by the witness nor as to how "competing websites" are "well known". The statement is also objectionable because it constitutes an improper legal conclusion as to the similarity of the asserted services. |

| | | | |
|---|---|---|---|
| | | defending against and countering any identified threats, similar to what Plaintiff's idlock.com does. | |
| | 9. | Having worked in the credit reporting/financial self-help industry for over the past 20 years, I am generally knowledgeable about credit reporting/financial self-help websites available that compete with Plaintiff's websites. Some examples of such competing websites that are well-known in the industry are: (1) Credit Karma's creditkarma.com; (2) Fico's myfico.com; (3) Credit Bliss' creditbliss.com; (4) MyFreeScoreNow, Inc.'s myfreescorenow.com; (5) Norton's lifelock.com; and (6) TransUnion's truecredit.com. True and correct copies of these websites' homepages as accessed on December 21, 2021 are attached hereto as Exhibits 7-12, respectively. | <u>FRE 401, 602</u><br>The statement is irrelevant. The witness does not identify how these alleged websites and exhibits are relevant to the instant Motion focused only on the allegedly infringing web domains. The statement also constitutes improper expert testimony as it opines as to facts "well known in the industry," even though such facts fall in the exclusive domain of an expert with specialized knowledge of the industry. |

| | | |
|---|---|---|
| 2 | Dated: February 14, 2022 | **DLA PIPER LLP (US)** |
| 3 | | By: /s/ROBERT J. NOLAN |
| 4 | | ROBERT J. NOLAN |
| | | MATTHEW F. MILLER |
| 5 | | HECTOR E. COREA |
| 6 | | Attorneys for Defendant |
| | | ARRAY US INC. |