ROBERT J. NOLAN (Bar No. 235738)
robert.nolan@dlapiper.com
MATTHEW F. MILLER (Bar No. 172661)
matt.miller@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: 415.836.2500 | Fax: 415.836.2501

HECTOR E. COREA (Bar No. 318971)
hector.corea@dlapiper.com
**DLA PIPER LLP (US)**
2000 Ave. of the Stars, Ste. 400, N-Tower
Los Angeles, California 90067-4735
Tel. 310.595.3000 | Fax: 310.595.3300

Attorneys for Defendant
ARRAY US INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMERDIRECT, INC., a Nevada corporation<br><br>                Plaintiff,<br><br>      v.<br><br>PENTIUS, LLC, a Delaware limited liability company; ARRAY US, INC., a Delaware corporation; SYSTEM ADMIN, LLC, a Florida limited liability company; CALLANDOR, LLC, a Delaware limited liability company; CTH SKIN CORP., a Delaware corporation; HOTBILLS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>                Defendants. | CASE NO. 8:21-CV-01968-JVS-KESx<br><br>**DEFENDANT ARRAY US INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF RACHELLE ALEXANDER**<br><br>Date:      March 7, 2022<br>Time:     1:30 a.m.<br>Crtrm:    10C<br><br>Complaint Filed: December 1, 2021<br>Trial Date:      None set |

Defendant Array US Inc. hereby submits the follow evidentiary objections to the Declaration of Rachelle Alexander (the "Alexander Declaration"), submitted in support of Plaintiff's Motion for Preliminary Injunction (the "Motion"). As set forth below, the Alexander Declaration is inadmissible and fails to pass muster under the Federal Rules of Evidence ("FRE").

| Para. | Proffered Evidence | Objection |
|---|---|---|
| 3. | Recently, we began receiving a substantial number of customer service inquiries for our three main websites from customers who were not signed up as members of those websites. Most of them contacted us regarding complaints about the services they received (or did not receive), were very unhappy about their memberships, and wanted to cancel their memberships, but upon further investigation we discovered that they did not actually have memberships with our websites and instead had memberships with various websites that they had confused with our three websites. | FRE 602, 802<br>The statement lacks foundation or personal knowledge as it concerns conversations between unidentified customers and employees even though the declarant did not observe those conversations, but instead merely "oversees" subordinate employees. The statement is inadmissible hearsay as it describes out of court statements made by third parties offered for the truth of the matters asserted. |

| | | |
|---|---|---|
| 4. | Attached hereto as Exhibit 61 is a true and correct copy of a detailed transaction activity showing phone inquiries from customers of theidlock.com who called us believing they had signed up for idlock.com. Attached hereto as Exhibit 62 is a true and correct copy of a detailed transaction activity showing email inquiries from customers of theidlock.com who called us believing they had signed up for idlock.com. The customers' personal contact information has been redacted to protect their privacy, but can be provided to the Court for an in camera review if necessary. | <u>FRE 402, 602, 802</u><br>The exhibits are irrelevant as the documents do not show that these calls related to theidlock.com or are otherwise relevant to determination of the Motion. The exhibits lack foundation or personal knowledge as they concern conversations between unidentified customers and employees even though the declarant did not observe those conversations, but instead merely "oversees" subordinate employees. The exhibits contain inadmissible hearsay as they reference out of court statements offered for the truth of the matters asserted, and declarant nowhere sets forth the elements supporting any exception to hearsay rule, such as the business records exception that requires the declarant to establish that "(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, |

| | | | |
|---|---|---|---|
| | | | occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity;" or that "(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." FRE 803(6). Moreover, the writings indicate a lack of trustworthiness as they do not contain any marks or bearings reflecting the author of the document or similar traits suggesting the information contained therein is accurate and authentic. |
| | 5. | For example, attached hereto as Exhibit 63 is a true and correct copy of an inquiry from a customer dated on or about May 5, 2021 who believed that she was a member of smartcredit.com, but upon further inquiry we discovered that she had actually signed up for smartcreditview.com. Attached | FRE 602, 802 The exhibits lack foundation or personal knowledge as they concern conversations between unidentified customers and employees even though the declarant did not observe those conversations, but instead merely "oversees" subordinate employees. The exhibits contain inadmissible hearsay as they |

| | | |
|---|---|---|
| 1 | hereto as Exhibit 68 is a true and correct copy of a detailed transaction activity showing phone inquiries from customers of smartcreditview.com who called us believing they had signed up for smartcredit.com. | reference out of court statements offered for the truth of the matters asserted, and declarant nowhere sets forth the elements supporting any exception to hearsay rule, such as the business records exception that requires the declarant to establish that "(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity;" or that "(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." FRE 803(6). Moreover, the writings indicate a lack of trustworthiness as they do not contain any marks or bearings reflecting the author of the |

| | | |
|---|---|---|
| | | document or similar traits suggesting the information contained therein is accurate and authentic. |
| 6. | Attached hereto as Exhibits 64 and 65 are true and correct copies of logs showing phone inquiries from customers of these other websites who called us between August 2021 through January 2022 believing they had signed up for creditmonitoring.com. The customers' personal contact information has been redacted to protect their privacy, but can be provided to the Court for an in camera review if necessary. | FRE 602, 802<br>The exhibits lack foundation or personal knowledge as they concern conversations between unidentified customers and employees even though the declarant did not observe those conversations, but instead merely "oversees" subordinate employees. The exhibits contain inadmissible hearsay as they reference out of court statements offered for the truth of the matters asserted, and declarant nowhere sets forth the elements supporting any exception to hearsay rule, such as the business records exception that requires the declarant to establish that "(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not |

|  | for profit; (C) making the record was a regular practice of that activity;" or that "(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." FRE 803(6). Moreover, the writings indicate a lack of trustworthiness as they do not contain any marks or bearings reflecting the author of the document or similar traits suggesting the information contained therein is accurate and authentic. |
|---|---|

Dated:  February 14, 2022       **DLA PIPER LLP (US)**

By: /s/ROBERT J. NOLAN
    ROBERT J. NOLAN
    MATTHEW F. MILLER
    HECTOR E. COREA

Attorneys for Defendant
ARRAY US INC.