Ariel A. Neuman - State Bar No. 241594
  aneuman@birdmarella.com
Timothy B. Yoo - State Bar No. 254332
  tyoo@birdmarella.com
Ashley D. Bowman - State Bar No. 286099
  abowman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Pentius, LLC,
System Admin, LLC, and Pentops, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CONSUMERDIRECT, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PENTIUS, LLC, a Delaware limited liability company; ARRAY US, INC., a Delaware corporation; SYSTEM ADMIN, LLC, a Florida limited liability company; CTH SKIN CORP., a Delaware corporation; PENTOPS, LLC, a Delaware limited liability company; DAILY STOCKS, INC., a Delaware corporation; NECTRIS, LLC, a Utah limited liability company; CLARITY PROGRESSION, LLC, a Florida limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 8:21-cv-01968-JVS (ADS) <br><br> **DEFENDANT PENTOPS, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Assigned to Hon. James V. Selna Courtroom 10C |

3791266.1

Defendant Pentops, LLC ("Pentops" or "Defendant"), by and through its undersigned counsel of record, states as follows in Answer to Plaintiff ConsumerDirect, Inc.'s Second Amended Complaint (the "SAC"):

**I.**

**ANSWER TO COMPLAINT**

1. Defendant admits only that Plaintiff has filed a lawsuit alleging violations of the Federal Trademark Infringement [15 U.S.C. § 114]; Violation of the Anti-Cybersquatting Consumer Protection Act [15 U.S.C. § 1125(d)]; False Designation of Origin and Unfair Competition [15 U.S.C. § 1125(a)]; Intentional Interference with Contract; Intentional Interference with Prospective Economic Advantage; Violation of Cal. Bus. And Profs. Code § 17200; and Common Law Unfair Competition And Trademark Infringement; and that Plaintiff has requested injunctive relief, damages, disgorgement, restitution, statutory penalties, punitive damages, attorneys' fees, and costs. Defendant denies the remaining allegations in paragraph 1 of the SAC.

2. Defendant lacks knowledge as to the allegations in paragraph 2 of the SAC, and on that basis denies them.

3. Defendant denies that the suite number of Pentius's principal place of business is 7381; the correct suite number is 7382. Defendant admits the remaining allegations in paragraph 3 of the SAC.

4. Defendant lacks knowledge as to the allegations in paragraph 4 of the SAC, and on that basis denies them.

5. Defendant denies that the suite number of System Admin's principal place of business is 300; the correct suite number is 291. Defendant admits the remaining allegations in paragraph 5 of the SAC.

6. Defendant lacks knowledge as to the allegations in paragraph 6 of the SAC, and on that basis denies them.

2

7.     Defendant admits only that it is a Delaware limited company and denies the remaining allegations in paragraph 7 of the SAC.

8.     Defendant lacks knowledge as to the allegations in paragraph 8 of the SAC, and on that basis denies them.

9.     Defendant lacks knowledge as to the allegations in paragraph 9 of the SAC, and on that basis denies them.

10.    Defendant denies the allegations in paragraph 10 of the SAC insofar as they relate to Defendant.  Defendant lacks knowledge as to the remaining allegations in paragraph 10 of the SAC, and on that basis denies them.

11.    Defendant denies the allegations in paragraph 11 of the SAC insofar as they relate to Defendant.  Defendant lacks knowledge as to the remaining allegations in paragraph 11 of the SAC, and on that basis denies them.

12.    Defendant lacks knowledge as to the allegations in paragraph 12 of the SAC, and on that basis denies them.

13.    Defendant denies the allegations in paragraph 13 of the SAC .

14.    Defendant denies the allegations in paragraph 14 of the SAC.

15.    Defendant denies the allegations in paragraph 15 of the SAC.

16.    The allegations in paragraph 16 of the SAC contain legal conclusions to which no response is required.

17.    The allegations in paragraph 17 of the SAC contain legal conclusions to which no response is required.

18.    The allegations in paragraph 18 of the SAC contain legal conclusions to which no response is required.

19.    The allegations in paragraph 19 of the SAC contain legal conclusions to which no response is required.

20.    Defendant lacks knowledge as to the allegations in paragraph 20 of the SAC, and on that basis denies them.

21.    Defendant lacks knowledge as to the allegations in paragraph 21 of the SAC, and on that basis denies them.

22.    Defendant lacks knowledge as to the allegations in paragraph 22 of the SAC, and on that basis denies them.

23.    Defendant lacks knowledge as to the allegations in paragraph 23 of the SAC, and on that basis denies them.

24.    The allegations in paragraph 24 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

25.    Defendant lacks knowledge as to the allegations in paragraph 25 of the SAC, and on that basis denies them.

26.    Defendant lacks knowledge as to the allegations in paragraph 26 of the SAC, and on that basis denies them.

27.    Defendant denies the allegations in paragraph 27 of the SAC.

28.    Defendant denies the allegations in paragraph 28 of the SAC.

29.    Defendant denies the allegations in paragraph 29 of the SAC.

30.    Defendant denies the allegations in paragraph 30 of the SAC.

31.    Defendant denies the allegations in paragraph 31 of the SAC.

32.    Defendant denies the allegations in paragraph 32 of the SAC.

33.    Defendant admits that it is not affiliated with Plaintiff.  The allegations in paragraph 33 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 33 of the SAC are denied.

34.    Defendant denies the allegations in paragraph 34 of the SAC.

35.    Defendant lacks knowledge as to the allegations in paragraph 35 of the SAC, and on that basis denies them.

36.    Defendant denies the allegations in paragraph 36 of the SAC.

37.     Defendant admits that Plaintiff sent a cease and desist letter on or around November 15, 2021.  Defendant denies the remaining allegations in paragraph 37 of the SAC.

38.     Defendant admits that Plaintiff has requested injunctive relief. Defendant denies the remaining allegations in paragraph 38 of the SAC.

39.     Defendant denies the allegations in paragraph 39 of the SAC.

40.     Defendant denies the allegations in paragraph 40 of the SAC.

41.     Defendant denies the allegations in paragraph 41 of the SAC.

42.     Defendant denies the allegations in paragraph 42 of the SAC.

43.     Defendant denies the allegations in paragraph 43 of the SAC.

44.     Defendant denies the allegations in paragraph 44 of the SAC.

45.     Defendant lacks knowledge as to the allegations in paragraph 45 of the SAC, and on that basis denies them.

46.     Defendant lacks knowledge as to the allegations in paragraph 46 of the SAC, and on that basis denies them.

47.     Defendant admits that Pentops is a wholly owned subsidiary of Pentius. Defendant further admits that Pentius is Pentops' named manager.  Defendant denies the remaining allegations in paragraph 47 of the SAC.

48.     Defendant admits that Plaintiff sent cease and desist demands. Defendant denies the remaining allegations in paragraph 48 of the SAC.

49.     Defendant lacks knowledge as to the allegations in paragraph 49 of the SAC, and on that basis denies them.

50.     Defendant lacks knowledge as to the allegations in paragraph 50 of the SAC, and on that basis denies them.

51.     Defendant lacks knowledge as to the allegations in paragraph 51 of the SAC, and on that basis denies them.

52.     Defendant lacks knowledge as to the allegations in paragraph 52 of the SAC, and on that basis denies them.

53.     Defendant denies the allegations in paragraph 53 of the SAC.

54.     Defendant denies the allegations in paragraph 54 of the SAC.

55.     Defendant denies the allegations in paragraph 55 of the SAC.

56.     Defendant denies the allegations in paragraph 56 of the SAC.

57.     Defendant denies the allegations in paragraph 57 of the SAC.

58.     Defendant denies the allegations in paragraph 58 of the SAC.

59.     In response to paragraph 59 of the SAC, Defendant realleges and incorporates the responses in paragraphs 1-58 of its Answer set forth above as if fully set forth and restated here.

60.     The allegations in paragraph 60 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 60 of the SAC.

61.     The allegations in paragraph 61 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

62.     The allegations in paragraph 62 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 62 of the SAC.

63.     Defendant denies the allegations in paragraph 63 of the SAC insofar as they relate to Defendant.  The allegations in paragraph 63 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant lacks knowledge as to the remaining allegations in paragraph 63 of the SAC, and on that basis denies them.

64.     Defendant admits that Plaintiff sent a cease and desist letter on or around November 15, 2021.  Defendant denies the remaining allegations in paragraph 64 of the SAC.

65.     In response to paragraph 65 of the SAC, Defendant realleges and incorporates the responses in paragraphs 1-64 of its Answer set forth above as if fully set forth and restated here.

66.     The allegations in paragraph 66 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

67.     Defendant denies the allegations in paragraph 67 of the SAC.

68.     Defendant denies the allegations in paragraph 68 of the SAC.

69.     Defendant denies the allegations in paragraph 69 of the SAC.

70.     The allegations in paragraph 70 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 70 of the SAC.

71.     The allegations in paragraph 71 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 71 of the SAC.

72.     Defendant admits that Plaintiff sent a cease and desist letter on or around November 15, 2021.  Defendant denies the remaining allegations in paragraph 72 of the SAC.

73.     In response to paragraph 73 of the SAC, Defendant realleges and incorporates the responses in paragraphs 1-72 of its Answer set forth above as if fully set forth and restated here.

74.     The allegations in paragraph 74 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

75.     Defendant denies the allegations in paragraph 75 of the SAC.

76.     The allegations in paragraph 76 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 76 of the SAC.

77.     The allegations in paragraph 77 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 77 of the SAC.

78.     The allegations in paragraph 78 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

79.     The allegations in paragraph 79 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 79 of the SAC.

80.     Defendant admits that Plaintiff sent a cease and desist letter on or around November 15, 2021.  Defendant denies the remaining allegations in paragraph 80 of the SAC.

81.     In response to paragraph 81 of the SAC, Defendant realleges and incorporates the responses in paragraphs 1-80 of its Answer set forth above as if fully set forth and restated here.

82.     Defendant lacks knowledge as to the allegations in paragraph 82 of the SAC, and on that basis denies them.

83.     Defendant lacks knowledge as to the allegations in paragraph 83 of the SAC, and on that basis denies them.

84.     Defendant lacks knowledge as to the allegations in paragraph 84 of the SAC, and on that basis denies them.

85.     The allegations in paragraph 85 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 85 of the SAC.

86.     Defendant denies the allegations in paragraph 86 of the SAC.

87.     Defendant denies the allegations in paragraph 87 of the SAC.

88.     The allegations in paragraph 88 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 88 of the SAC.

89.     In response to paragraph 89 of the SAC, Defendant realleges and incorporates the responses in paragraphs 1-88 of its Answer set forth above as if fully set forth and restated here.

90.     Defendant lacks knowledge as to the allegations in paragraph 90 of the SAC, and on that basis denies them.

91.     Defendant lacks knowledge as to  the allegations in paragraph 91 of the SAC, and on that basis denies them.

92.     Defendant lacks knowledge as to the allegations in paragraph 92 of the SAC, and on that basis denies them.

93.     The allegations in paragraph 93 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 93 of the SAC.

94.     Defendant denies the allegations in paragraph 94 of the SAC.

95.     Defendant denies the allegations in paragraph 95 of the SAC.

96.     The allegations in paragraph 96 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 96 of the SAC.

97.     In response to paragraph 97 of the SAC, Defendant realleges and incorporates the responses in paragraphs 1-96 of its Answer set forth above as if fully set forth and restated here.

98.     Defendant denies the allegations in paragraph 98 of the SAC.

99.     The allegations in paragraph 99 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 99 of the SAC.

100.   The allegations in paragraph 100 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 100 of the SAC.

101.   In response to paragraph 101 of the SAC, Defendant realleges and incorporates the responses in paragraphs 1-100 of its Answer set forth above as if fully set forth and restated here.

102.   Defendant denies the allegations in paragraph 102 of the SAC.

103.   The allegations in paragraph 103 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 103 of the SAC.

104.   The allegations in paragraph 104 of the SAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the remaining allegations in paragraph 104 of the SAC.

105.   In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief under the SAC, or any cause of action alleged therein, as against Defendant.

## II.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), Defendant asserts the following affirmative defenses, without admitting that Defendant would bear the burden of proof on any of the following:

## FIRST AFFIRMATIVE DEFENSE

## (No Cause of Action)

The SAC fails to state a cause of action against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Causation)

Assuming, *arguendo*, that Plaintiff sustained a loss, injury, or damage, either as alleged in the SAC or at all, such damages are not recoverable from Defendant because any alleged act or omission of Defendant was not the cause of the damages.

## THIRD AFFIRMATIVE DEFENSE

### (Justification)

Defendant's conduct was justified, privileged, and performed in good faith, without malice, spite, or conscious, reckless, or negligent disregard of anyone's rights, if any, and without improper purpose or motive, maliciousness, or ill will of any kind.

## FOURTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Any recovery by Plaintiff against Defendant is barred in whole or in part because Plaintiff would be unjustly enriched if allowed to recover anything from Defendant under the SAC.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims alleged against Defendant in the SAC are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant's actions were at all times reasonable and were taken in the good faith exercise of its reasonable professional judgment and business judgment, and, moreover, Defendant at all relevant times exercised due care and acted in good faith regarding all acts alleged in the SAC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Conformity with Laws)

Defendant's actions were at all times taken in conformity with, and reliance upon, applicable laws, rules, regulations, and/or standards.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims for damages are barred by its failure to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff's SAC and its purported causes of action are barred, in whole or in part, by Plaintiff's failure to establish any loss, injury, or damages.

## TENTH AFFIRMATIVE DEFENSE

### (Excuse)

The claims against Defendant in the SAC are barred by the doctrine of excuse.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Defendant reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

# III.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1.    Plaintiff takes nothing by the Second Amended Complaint;

2.    For costs of suit and attorney's fees incurred herein; and

3.    For such other and further relief as the Court deems just and proper.

DATED:  May 18, 2022            Ariel A. Neuman
                                Timothy B. Yoo
                                Ashley D. Bowman
                                Bird, Marella, Boxer, Wolpert, Nessim,
                                Drooks, Lincenberg & Rhow, P.C.


                                By:    /s/ Timothy B. Yoo
                                       Timothy B. Yoo
                                Attorneys for Defendants Pentius, LLC,
                                System Admin, LLC, and Pentops, LLC

3791266.1

DEFENDANT PENTOPS, LLC'S ANSWER TO PLAINTIFF CONSUMERDIRECT, INC.'S
SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant

3   hereby demands a trial by jury of all issues so triable.

4

5   DATED:  May 18, 2022          Ariel A. Neuman
                                   Timothy B. Yoo
6                                  Ashley D. Bowman
                                   Bird, Marella, Boxer, Wolpert, Nessim,
7                                  Drooks, Lincenberg & Rhow, P.C.

8

9
                                 By:  _____/s/ Timothy B. Yoo_____
10                                        Timothy B. Yoo
11                                   Attorneys for Defendants Pentius, LLC,
                                     System Admin, LLC, and Pentops, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28