| | |
|---|---|
| 1 | RUTAN & TUCKER, LLP<br>Proud Usahacharoenporn (State Bar No. 278204) |
| 2 | pusaha@rutan.com<br>Briana Richmond (State Bar No. 301824) |
| 3 | brichmond@rutan.com<br>18575 Jamboree Road, 9th Floor |
| 4 | Irvine, California 92612<br>Telephone: 714-641-5100 |
| 5 | Facsimile: 714-546-9035 |
| 6 | Attorneys for Plaintiff/Counter-Defendant<br>CONSUMERDIRECT, INC. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONSUMERDIRECT, INC., a Nevada corporation, | | Case No. 8:21-cv-01968 (JVS) (ADSx)<br>Honorable James V. Selna<br>Courtroom 10C |
| Plaintiff, | | |
| vs | | **MEMORANDUM OF LAW IN SUPPORT OF CONSUMERDIRECT, INC.'S MOTION TO DISMISS ARRAY US, INC.'S AMENDED COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**[Filed concurrently with Notice of Motion and [Proposed] Order]**<br><br>**Hearing**<br>Date: August 22, 2022<br>Time: 1:30 p.m.<br>Ctrm: 10C |
| PENTIUS, LLC, a Delaware limited liability company; ARRAY US, INC., a Delaware corporation; SYSTEM ADMIN, LLC, a Florida limited liability company; CTH SKIN CORP., a Delaware corporation; PENTOPS, LLC, a Delaware limited liability company; DAILY STOCKS, INC., a Delaware corporation; NECTRIS, LLC, a Utah limited liability company; CLARITY PROGRESSION, LLC, a Florida limited liability company; and DOES 1 through 10, inclusive, | | |
| Defendants. | | |
| ARRAY US, INC., a Delaware corporation, | | |
| Counterclaimant, | | |
| vs | | |
| CONSUMERDIRECT, INC., a Nevada corporation, and DOES 1 through 10, inclusive, | | Complaint Filed: December 1, 2021<br>Trial Date: July 11, 2023 |
| Counter-Defendants. | | |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................ 1

II. SUMMARY OF ALLEGATIONS................................................................ 2

III. LEGAL STANDARD ................................................................................... 3

IV. THE FIRST AND FIFTH CLAIMS FOR RELIEF FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS FAIL TO STATE A VALID CLAIM ................................... 4

V. THE SECOND AND SIXTH CLAIMS FOR RELIEF FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE FAIL TO STATE A VALID CLAIM................................................................................................................. 5

VI. THE THIRD AND SEVENTH CLAIMS FOR RELIEF FOR TRADE LIBEL FAIL TO STATE A VALID CLAIM ............................. 6

VII. THE FOURTH AND EIGHTH CLAIMS FOR RELIEF FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 FAIL TO STATE A VALID CLAIM ................................................................................................ 7

VIII. CONCLUSION............................................................................................ 10

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
17828137.1 a07/07/22

-i-

Case No. 8:21-CV-01968 (JVS) (ADSx)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007)........................................................................................4

*Disability Rights Montana, Inc. v. Batista*,
 930 F.3d 1090 (9th Cir. 2019) ........................................................................3

*Eldorado Stone v. Renaissance Stone, Inc.*,
 No. 04–cv–2562 JM, 2005 WL 5517731, 2005 U.S. Dist. LEXIS 45237
 (S.D. Cal. Aug. 9, 2005) .................................................................................7

*First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*,
 569 F.Supp.2d 929 (N.D. Cal. 2008)..............................................................7

*Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*,
 12 F.Supp.2d 1035 (C.D. Cal. 1998) ..............................................................7

*Jensen v. Quality Loan Service Corp.*,
 702 F.Supp.2d 1183 (E.D. Cal. 2010) ............................................................8

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ........................................................................9

*Lazo v. Bank of America, N.A.*,
 No. C-12-00762-LB, 2012 WL 1831577 (N.D. Cal. May 18, 2012)...................8

*Mossimo Holdings, LLC v. Haralambus*,
 2017 WL 1240739 (C.D. Cal. April 4, 2017)..................................................4

*name.space, Inc. v. Internet Corp. for Assigned Names &
 Numbers*, No. CV 12-8676 PA PLAX, 2013 WL 2151478 (C.D. Cal. Mar. 4,
 2013), aff'd, 795 F.3d 1124 (9th Cir. 2015) ..................................................4

*Nichols v. Brown*,
 945 F.Supp.2d 1079 (C.D. Cal. 2013) ............................................................3

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
 946 F.Supp.2d 957 (N.D. Cal. 2013), aff'd, 609 F. App'x 497 (9th Cir. 2015) ..7

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
17828137.1 a07/07/22

-ii-

Case No. 8:21-CV-01968 (JVS) (ADSx)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

| | **Page(s)** |
|---|---|

**FEDERAL CASES (CONT.)**

*SkinMedica, Inc. v. Histogen Inc.*,
   869 F.Supp.2d 1176 (S.D. Cal. 2012) ................................................................. 9

*Sybersound Recs., Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008) ............................................................................ 5

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*,
   117 F.Supp.3d 1092 (C.D. Cal. 2015) ............................................................ 5, 6

**CALIFORNIA CASES**

*A. F. Arnold & Co. v. Pac. Pro. Ins., Inc.*,
   27 Cal.App.3d 710 (1972) .................................................................................. 6

*Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal.4th 163 (1999) ........................................................................................ 8

*Evans v. Evans*,
   162 Cal.App.4th 1157 (Cal. 2008) .................................................................... 10

*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal.App.4th 1050 (2005) ............................................................................. 8

**STATE STATUTES**

California Business and Professions Code
   section 17200 ........................................................................................ 3, 7, 8, 9

California Civil Code section 47(b) ........................................................................ 10

**RULES**

Federal Rule of Civil Procedure
   Rule 12(b)(6) .............................................................................................. 1, 2, 3

2530/102119-0036
17828137.1 a07/07/22

-iii-

Case No. 8:21-CV-01968 (JVS) (ADSX)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

By way of this Motion, Plaintiff/Counter-Defendant ConsumerDirect, Inc. ("ConsumerDirect") will and hereby does move this Court for the entry of an Order dismissing the First through Eighth Claims for Relief in the Amended Counterclaim (Dkt No. 159, the "Counterclaim") filed Defendant/Counterclaimant Array US, Inc. ("Array") pursuant to Rule 12(b)(6).

ConsumerDirect filed this action against Array, alleging various acts of trademark infringement, interference, and unfair competition, among other things. The Court recognized that ConsumerDirect's claims are, at the very least, preliminarily legitimate by granting a preliminary injunction in ConsumerDirect's favor and denying Array's motion to dismiss. In an attempt to gain leverage in response to these rulings, Array filed counterclaims alleging that ConsumerDirect made everything up (despite all the evidence already presented in the preliminary injunction papers) in order to edge Array out of the market.

In furtherance of this theory, Array claims that ConsumerDirect interfered with Array's contracts and prospective economic advantages and engaged in trade libel and unfair competition. However, Array's counterclaims are completely devoid of any of the required detail. For example, Array has not and cannot name a single actual contract or relationship with which ConsumerDirect interfered, instead vaguely alluding to unnamed "customers" and "credit bureaus" with whom Array did not even have contracts at the time of the alleged interference. Array also has not and cannot allege any actual monetary harm caused by anything that ConsumerDirect did.

These are basic elements of the claims that Array is asserting against ConsumerDirect and one would expect this detail to be readily available to Array if it had legitimate claims. Yet when ConsumerDirect raised these deficiencies during meet and confer efforts in response to Array's original counterclaims, Array filed the amended Counterclaim and *still* could not allege any of the required detail,

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
17828137.1 a07/07/22

-1-

Case No. 8:21-CV-01968 (JVS) (ADSx)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

1  thereby demonstrating that Array simply does not have the facts to support its wild
2  accusations.  The Motion should be granted in its entirety without leave to amend.

3  **II.  SUMMARY OF ALLEGATIONS**

4      ConsumerDirect and Array both provide online financial self-help goods and
5  services.  ConsumerDirect filed this action, alleging, among other things, that Array
6  set up a series of copycat websites with domain names confusingly similar to
7  ConsumerDirect's domains, in an attempt to capitalize on ConsumerDirect's
8  goodwill.  (Dkt No. 93.)  ConsumerDirect further alleges that Array and its cohorts
9  engage in a number of other instances of unfair competition, e.g., by violating
10 established industry standards, rules, and regulations relating to the sharing of
11 consumer credit data with third parties, security of consumer data, customer support
12 systems, pricing charged for 3 credit bureau reports, and the use of merchant
13 processing accounts.  (*Id.*)

14     Despite the fact that ConsumerDirect obtained a preliminary injunction
15 against Array by proving a likelihood of prevailing on at least some of its claims,
16 and despite the fact that the Court denied Array's motion to dismiss, Array filed the
17 Counterclaim alleging that this entire case is frivolous and was concocted by
18 ConsumerDirect based on false allegations in an attempt to stymie competition.
19 Aside from grandiose and unsubstantiated allegations about ConsumerDirect's
20 purported scheme, the Counterclaim is devoid of any substantive details.

21     Array alleges that at an industry conference, "ConsumerDirect sought out
22 Array's current and potential customers, telling them about Array's supposed
23 improper business practices," but does not name a single customer.  (Dkt No. 159,
24 ¶¶ 29-31.)  Array also alleges that after the industry event, "Array failed to form new
25 business relationships," but does not specify what relationships it expected to form
26 or any details about the monetary loss it purportedly suffered by its failure to form
27 new relationships.  (Dkt No. 159, ¶ 32.)  Array claims that "[i]n one such
28 relationship, Array's client made it clear that ConsumerDirect's statements caused

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
17828137.1 a07/07/22

-2-

Case No. 8:21-CV-01968 (JVS) (ADSx)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

concern about doing business with Array. Array was able to renegotiate the contract but only after significant damage control and under much less favorable terms for Array." (Dkt No. 159, ¶ 33.) However, the Counterclaim does not specify who that client was, what terms were less favorable, or how that translates into any monetary loss for Array.

Array also claims that ConsumerDirect disparaged Array to the credit bureaus, but again does not allege any details about which credit bureaus this references or what monetary harm it suffered. (Dkt No. 159, ¶¶ 38-42.) For example, Array alleges that "[j]ust as Array's negotiations were wrapping up with one of the credit bureaus, the bureau halted the negotiations and demanded a slew of concessions." (Dkt No. 159, ¶ 41.) The Counterclaim does not specify what credit bureau this refers to, what the concessions were, or how Array was allegedly damaged by the concessions.

Based on these vague allegations, Array asserts claims for intentional interference with contractual relations, intentional interference with prospective economic advantage, trade libel, and violation of California Business and Professions Code section 17200 against ConsumerDirect relating to Array's relationships with its unnamed customers, and another set of the same claims relating to Array's relationships with the unnamed credit bureaus.

## III. *LEGAL STANDARD*

In reviewing a motion to dismiss under Rule 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Conclusions of law made by the nonmoving party, however, are not blindly accepted. *Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1096 (9th Cir. 2019). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. *See, e.g., Nichols v. Brown,* 945 F.Supp.2d 1079, 1093 (C.D. Cal. 2013). To survive a motion to dismiss,

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
17828137.1 a07/07/22

-3-

Case No. 8:21-cv-01968 (JVS) (ADSx)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

a complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, *supra,* at 662, 678. Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. THE FIRST AND FIFTH CLAIMS FOR RELIEF FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS FAIL TO STATE A VALID CLAIM

Array's First and Fifth Claims for Relief for Intentional Interference with Contractual Relations fail to state any valid claim because they lack the factual allegations necessary to support the elements. Such a claim requires the following elements: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption; and (5) resulting damage." *Mossimo Holdings, LLC v. Haralambus,* 2017 WL 1240739, *5 (C.D. Cal. April 4, 2017). The Counterclaim fails to adequately allege any of these elements.

First, the Counterclaim does not allege the existence of any valid contract. It references a contract that Array was in the process of negotiating with a customer and another contract that Array was in the process of negotiating with a credit bureau, but these contracts that were in the process were not valid executed contracts at the time of the alleged interference. (Dkt No. 159, ¶¶ 34, 42.) Even if they were valid contracts, Array did not specify whom the contracts were with. For this reason alone, the claim fails.

Next, Array failed to allege any facts demonstrating ConsumerDirect's knowledge of the alleged contracts (because ConsumerDirect could not plausibly have knowledge of a nonexistent contract with unnamed third parties). *See name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, No. CV 12-8676

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
17828137.1 a07/07/22

-4-

Case No. 8:21-CV-01968 (JVS) (ADSX)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

PA PLAX, 2013 WL 2151478, at *8 (C.D. Cal. Mar. 4, 2013), aff'd, 795 F.3d 1124 (9th Cir. 2015) (dismissing tortious interference with contract claim because conclusory allegations concerning knowledge of the plaintiff's relationships with clients are insufficient under Twombly). This is another reason the claim fails.

The Counterclaim also fails to allege facts establishing actual breach or disruption of the contracts, or any resulting damage to Array. Array only alleges generally that it had to renegotiate terms, but does not specify what those terms were or why or how they caused any harm to Array. (Dkt No. 159, ¶¶ 34, 42.) These conclusory allegations are insufficient to support Array's claim. *See Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (affirming dismissal of tortious interference claim where the plaintiff "merely states . . . it 'has been harmed because its ongoing business and economic relationships with Customers have been disrupted.'").

For these reasons, the claim should be dismissed. Given Array already had a chance to amend its Counterclaim to plead the claim with more specificity, Array has demonstrated the inability to state the claim through any amendment and therefore the claim should be dismissed without leave.

## V. *THE SECOND AND SIXTH CLAIMS FOR RELIEF FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE FAIL TO STATE A VALID CLAIM*

Array's Second and Sixth Claims for Relief for Intentional Interference with Prospective Economic Advantage fail to state a claim for the same reasons since these claims require similar elements. Specifically, such a claim requires: "(1) a specific economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages proximately caused by the defendant's acts." *UMG*

*Recordings, Inc. v. Global Eagle Entertainment, Inc.,* 117 F.Supp.3d 1092, 1116 (C.D. Cal. 2015). Additionally, this claim, unlike the interference with contract claim, also requires an independently wrongful act that is "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1117.

Array fails to identify any single relationship that ConsumerDirect allegedly interfered with. This alone is fatal to the claim. *Id.* at 1117 ("Courts have held that, in order to state a claim for intentional interference with prospective business advantage, it is essential that the [claimant] allege facts showing that [d]efendant interfered with [a] relationship with a particular individual . . . . Allegations that a defendant interfered with a relationship with an 'as yet unidentified' customer will not suffice.").

For the same reasons stated above, Array also fails to allege adequate facts establishing ConsumerDirect's knowledge of the unspecified relationship(s), or how the relationship(s) were actually disrupted or how that disruption actually caused harm to Array.

Further, Array fails to allege any independently wrongful act. *See A. F. Arnold & Co. v. Pac. Pro. Ins., Inc.*, 27 Cal.App.3d 710, 716 (1972) ("the facts pleaded by a plaintiff must show an intent to do something which takes the defendant's acts beyond those of a mere competitor securing business"). Presumably Array will argue that ConsumerDirect's alleged trade libel or unfair competition constitutes the wrongful act, but those claims also fail for the reasons stated herein. Therefore, Array's claim fails as a matter of law.

## VI. *THE THIRD AND SEVENTH CLAIMS FOR RELIEF FOR TRADE LIBEL FAIL TO STATE A VALID CLAIM*

Array's Third and Seventh Claims for Relief for Trade Libel also fail because they do not contain the requisite factual allegations. First, Array fails to identify the person(s) who allegedly made the libelous statements on ConsumerDirect's behalf,

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
17828137.1 a07/07/22

-6-

Case No. 8:21-cv-01968 (JVS) (ADSx)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

the person(s) to whom the statements were made, and the time and location of each statement. *See, e.g., Eldorado Stone v. Renaissance Stone, Inc.,* No. 04–cv–2562 JM, 2005 WL 5517731, 2005 U.S. Dist. LEXIS 45237, at *10–11 (S.D. Cal. Aug. 9, 2005) (dismissing trade libel claim where plaintiff failed to identify the author or speaker, recipient, time, and location of each allegedly libelous statement); *First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*, 569 F.Supp.2d 929, 937 (N.D. Cal. 2008) (same).

Further, a trade libel claim requires that the plaintiff plead special damages, which Array failed to do. Specifically, special damages requires Array to "identify particular customers and transactions of which it was deprived as a result of the libel," yet the Counterclaim is devoid of any such detail. *See Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F.Supp.2d 957, 981 (N.D. Cal. 2013), aff'd, 609 F. App'x 497 (9th Cir. 2015) ("Counterplaintiffs must 'identify particular customers and transactions of which it was deprived as a result of the libel.'"); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.,* 12 F.Supp.2d 1035, 1047 (C.D. Cal. 1998) ("under California law, 'a cause of action for damages for trade libel requires pleading and proof of special damages in the form of pecuniary loss.'"); *First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*, 569 F.Supp.2d 929, 938 (N.D. Cal. 2008) (requiring details to be plead regarding the amount of business the plaintiff had before and after the alleged libel).

### VII. *THE FOURTH AND EIGHTH CLAIMS FOR RELIEF FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 FAIL TO STATE A VALID CLAIM*

Lastly, Array's Fourth and Eighth Claims for Relief for Violation of California Business and Professions Code section 17200 fail on numerous grounds. Specifically, Array fails to allege the monetary loss required to confer standing, fails to allege any unfair, unlawful, or fraudulent act, and fails to allege any recoverable relief.

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
17828137.1 a07/07/22

-7-

Case No. 8:21-CV-01968 (JVS) (ADSx)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

In order to state a claim under Section 17200, "[a] plaintiff must have suffered an 'injury in fact' and 'lost money or property as a result of the unfair competition.'" *Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1199 (E.D. Cal. 2010). Specific facts must be pled establishing what money or property the plaintiff actually lost. *Id.* (granting motion to dismiss for lack of standing because FAC "is conclusory as to lost money" where Plaintiff simply alleged "'out of pocket monetary damages.'"); *Lazo v. Bank of America, N.A.*, No. C-12-00762-LB, 2012 WL 1831577, *12 (N.D. Cal. May 18, 2012) (dismissing UCL claim where plaintiffs alleged "that they 'have suffered injury in fact and [have] lost money due to paying higher monthly payments than promised and unwarranted fees,' . . . [but] never allege what these fees were, how much they were, or why they were improper"). Here, Array fails to identify any specific money or property it has actually lost due to the alleged unfair competition; its conclusory and vague allegations about having to renegotiate unspecified terms with unnamed customers/credit bureaus is insufficient for the reasons stated above. Thus, Array does not even have standing to bring its claim.

Moreover, Array fails to allege any requisite unlawful, unfair, or fraudulent business act. The Counterclaim does not contain any allegations that ConsumerDirect violated any laws; therefore, Array cannot meet the unlawful prong. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal.App.4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.").

Array also fails to allege any violation of the unfair prong. Between competitors, this prong requires allegations that the conduct threatens "an incipient violation of an antitrust law" or the "spirit of one of those laws" or "otherwise significantly threaten[s] or harm[s] competition." *See Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 187 (1999) ("To state a UCL 'unfairness' claim arising from 'a direct competitor's unfair act or practice,' a

Rutan & Tucker, LLP
attorneys at law
2530/102119-0036
17828137.1 a07/07/22
-8-
Case No. 8:21-CV-01968 (JVS) (ADSx)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS

plaintiff must allege facts that 'threaten[ ] an incipient violation of an antitrust law, or violate[ ] the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threaten[ ] or harm[ ] competition."). The Counterclaim does not contain facts supporting any of these requirements.

Array further fails to allege any violation of the fraudulent prong. Array claims that ConsumerDirect's conduct was fraudulent because ConsumerDirect "falsely [claimed] that Array has engaged in fraudulent business practices and does not provide adequate customer service" (Dkt No. 159, ¶ 67), but the Counterclaim does not contain the detail required to support the heightened pleading required for fraud (since it does not even meet the standard pleading requirements for reasons stated above). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (At a minimum, the claimant must plead specific facts, such as time, place, persons, statements, and explanations of why any representations are misleading).

Even if Array had standing and had alleged any unlawful, unfair, or fraudulent business practice, which it has not done, the claim would still fail because Array failed to allege any recoverable remedy. The only remedies available under a Section 17200 claim are restitution, i.e., "the return of money to those persons from whom it was taken or who had an ownership interest in it," and injunctive relief. *SkinMedica, Inc. v. Histogen Inc.*, 869 F.Supp.2d 1176, 1184 (S.D. Cal. 2012) (the available remedies are limited to restitution and injunctive relief). The Counterclaim does not contain any prayer for restitution because Array did not pay any money to ConsumerDirect that it can seek to be returned as restitution.

The Counterclaim does seek an injunction restraining ConsumerDirect from "[s]tating or implying that Array has engaged or is engaging in fraudulent conduct," "unlawful conduct," "that Array provides or has provided inadequate protection of its clients' and their customers' data," or "that Array does not provide or has not provided adequate customer support." (Dkt No. 159, pp. 29-30.) In other words,

1  Array seeks to enjoin ConsumerDirect from pursuing the very claims it has asserted
2  in this action relating to Array's fraudulent and unlawful conduct and its failures to
3  provide adequate security of data and customer support, and seeks to enjoin
4  ConsumerDirect from making the referenced statements regardless if the statements
5  are true. Therefore, the requested injunction is unavailable to Array given it would
6  violate the litigation privilege and protected free speech rights. *See* Civ. Code
7  § 47(b); *Evans v. Evans,* 162 Cal.App.4th 1157, 1168 (Cal. 2008) ("[a]n order
8  prohibiting a party from making or publishing false statements is a classic type of an
9  unconstitutional prior restraint"). Also, Array's request for an injunction enjoining
10 ConsumerDirect from "[d]isparagring Array" is unconstitutionally vague and
11 overbroad. *Evans, supra,* at 1169 (holding that an injunction prohibiting any
12 defamatory statements is "invalid as unconstitutionally vague and overbroad").
13 Array's inability to plead any recoverable relief is yet another reason why its unfair
14 competition claims fail.

## VIII. CONCLUSION

16     For the foregoing reasons, the First through Eighth Claims for Relief in
17 Array's Counterclaim should be dismissed. Since Array already had a chance to
18 amend and still could not even come close to stating valid claims, the dismissal
19 should be with prejudice.

20 Dated: July 8, 2022                                    RUTAN & TUCKER, LLP

22                                            By:   */s/ Proud Usahacharoenporn*
23                                                  Proud Usahacharoenporn
                                                    Attorneys for Plaintiff/Counter-
24                                                  Defendant ConsumerDirect, Inc.

Rutan & Tucker, LLP
attorneys at law
2530/102119-0036
17828137.1 a07/07/22
-10-
Case No. 8:21-CV-01968 (JVS) (ADSX)
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS