RUTAN & TUCKER, LLP
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
Briana Richmond (State Bar No. 301824)
brichmond@rutan.com
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile:  714-546-9035

Attorneys for Plaintiff/Counter-Defendant
CONSUMERDIRECT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMERDIRECT, INC., a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>　　vs<br><br>PENTIUS, LLC, a Delaware limited liability company; ARRAY US, INC., a Delaware corporation; SYSTEM ADMIN, LLC, a Florida limited liability company; CTH SKIN CORP., a Delaware corporation; PENTOPS, LLC, a Delaware limited liability company; DAILY STOCKS, INC., a Delaware corporation; NECTRIS, LLC, a Utah limited liability company; CLARITY PROGRESSION, LLC, a Florida limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants.<br><br>ARRAY US, INC., a Delaware corporation,<br><br>　　　　Counterclaimant,<br><br>　　vs<br><br>CONSUMERDIRECT, INC., a Nevada corporation, and DOES 1 through 10, inclusive,<br><br>Counter-Defendants. | Case No. 8:21-cv-01968 (JVS) (ADSx)<br>Honorable James V. Selna<br>Courtroom 10C<br><br>**CONSUMERDIRECT'S OPPOSITION TO ARRAY US, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER REGARDING MOTION TO STRIKE AND MOTIONS FOR SUMMARY JUDGMENT (DKT NO. 311)**<br><br>Date:　September 18, 2023<br>Time:　11:00 a.m.<br>Dept.:　10C<br><br>Complaint Filed:　December 1, 2021<br>Trial Date:　October 3, 2023 |

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

ConsumerDirect, Inc. ("ConsumerDirect") hereby opposes Array US Inc.'s ("Array") Motion for Partial Reconsideration of the Order Regarding Motion to Strike and Motions for Summary Judgment (Dkt No. 311, the "MSJ Order"). For reasons stated below, there are no grounds to reverse the Court's Order and the Motion should be denied.

Array argues that the Court should reconsider its ruling denying summary judgment on ConsumerDirect's claim for interference with the IdentityClub contract because *Ixchel Pharma, LLC v. Biogen, Inc.,* 9 Cal. 5th 1130 (2020) holds that interference with an at-will contract requires a showing of independent wrongfulness. The Court already considered and rejected this very argument in the MSJ Order: "Contrary to Array's argument, ConsumerDirect need not prove the existence of an independently wrongful act for its interference-with-contract claim to survive. See Ixchel Pharma, 9 Cal. 5th 1130 at 1141 ('It is generally not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself.')." (Dkt No. 311, p. 24.)

Array does not even attempt to demonstrate any new evidence or change in the law justifying reconsideration of the MSJ Order. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993) (reconsideration is only proper if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). Nor was the ruling clearly erroneous for reasons stated herein. Thus, there are no grounds to reconsider the MSJ Order.

Even if the Court entertains the Motion despite having no grounds to do so, Array is wrong on the merits because the IdentityClub contract is not an "at-will contract" since it specifies an exclusive term of three years (that automatically renews for additional one year periods). (Dkt No. 242, Coulter Decl., Ex. 1, Sec. 2.) *Ixchel*

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
19583611.1 a08/27/23

-1-

Case No. 8:21-cv-01968 (JVS) (ADSx)
OPPOSITION TO MOTION FOR
RECONSIDERATION OF MSJ ORDER

*Pharma* confirms that such contracts with a definite term are not "at-will contracts:" "interference with other legally binding contracts, such as contracts of a <u>definite term,</u> is tortious 'because the exchange of promises resulting in such a formally cemented economic relationship is deemed worthy of protection from interference by a stranger to the agreement.' . . . But at-will contracts do not involve the same 'cemented economic relationship[s]' as <u>contracts of a definite term</u>." *Ixchel Pharma, supra,* at 1145 (emphasis added).

Even if the IdentityClub contract is somehow deemed an "at-will contract," independent wrongfulness is not required where the interference caused some disruption or breach of the contract other than termination of the contract. *Karma Automotive LLC v. Lordstown Motors Corp.*, 2022 WL 17886045, * 14 (C.D. Cal. Nov. 18, 2022); *SSI Inc. v. Ferry*, 2021 WL 9315372 (C.D. Cal. July 28, 2012). Here, ConsumerDirect does not contend that the IdentityClub contract was disrupted or breached because IdentityClub terminated the contract as a result of Array's interference; rather, ConsumerDirect contends that IdentityClub sent website lead traffic away from ConsumerDirect's platform to Array's platform, in violation of the provision requiring IdentityClub to "maintain appropriate and reasonable marketing sites and other lead generation campaigns to produce consumer leads in high volume." (Dkt No. 242, Coulter Decl., Ex. 1, Sec. 3.2.2.)  Therefore, independent wrongfulness is not required for this separate reason.

For the foregoing reasons, and as further explained below, there are no grounds for reconsideration and the Motion should be denied.  If the Court is at all inclined to reconsider the MSJ Order, then the Court should decide this Motion concurrently with ConsumerDirect's Motion for Reconsideration of other portions of the MSJ Order, which is set to be heard on September 25, 2023 and requests, among other things, that the Court reconsider whether there are triable issues as to Defendants' independently wrongful conduct.

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
19583611.1 a08/27/23

-2-

Case No. 8:21-cv-01968 (JVS) (ADSx)
OPPOSITION TO MOTION FOR
RECONSIDERATION OF MSJ ORDER

## II. THERE IS NO NEWLY DISCOVERED EVIDENCE OR CHANGE IN THE LAW JUSTIFYING RECONSIDERATION

Granting reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani* (9th Cir. 2003) 342 F. 3d 934, 945 (internal quotes omitted). Reconsideration is only warranted if "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993). Arguments or evidence that were or could have been presented earlier are improper bases for a motion for reconsideration. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).

Here, the Court already considered and rejected Array's argument based on *Ixchel Pharma* in the MSJ Order: "Contrary to Array's argument, ConsumerDirect need not prove the existence of an independently wrongful act for its interference-with-contract claim to survive. See Ixchel Pharma, 9 Cal. 5th 1130 at 1141 ('It is generally not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself.')." (Dkt No. 311, p. 24.) Array does not present any newly discovered evidence or a change in the law that would justify reconsideration of the MSJ Order. Nor is the MSJ Order clearly erroneous or manifestly unjust for reasons stated below. Therefore, the Motion should be denied as there are no legitimate grounds for reconsideration.

## III. *IXCHEL PHARMA* IS INAPPLICABLE BECAUSE THE IDENTITYCLUB CONTRACT IS NOT AN AT-WILL CONTRACT

Array's entire Motion is based on the argument that *Ixchel Pharma* holds that "to state a claim for interference with an at-will contract by a third party, the plaintiff must allege that the defendant engaged in an independently wrongful act." (Dkt No. 324, p. 3, citing *Ixchel Pharma, supra,* at 1148.) However, the IdentityClub contract at issue is not an "at-will contract" to which this holding would apply. Therefore, the

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
19583611.1 a08/27/23

-3-

Case No. 8:21-cv-01968 (JVS) (ADSx)
OPPOSITION TO MOTION FOR
RECONSIDERATION OF MSJ ORDER

Court was correct in its ruling that ConsumerDirect does not need to prove independently wrongful conduct as part of its interference with contract claim.

The IdentityClub contract provides that it "shall continue for an exclusive period of three (3) years" and "shall automatically renew for subsequent twelve (12) calendar month terms unless cancelled by either party as provided for in this Agreement." (Dkt No. 242, Coulter Decl., Ex. 1, Sec. 2.) ConsumerDirect contends that Array interfered with the contract during the initial three-year exclusive term. *Ixchel Pharma* makes clear that contracts of a definite term are not "at-will contracts:" "interference with other legally binding contracts, such as contracts of a definite term, is tortious 'because the exchange of promises resulting in such a formally cemented economic relationship is deemed worthy of protection from interference by a stranger to the agreement.' . . . But at-will contracts do not involve the same 'cemented economic relationship[s]' as contracts of a definite term." *Ixchel Pharma, supra,* at 1145 (emphasis added). Notably, none of the contracts at issue in *Ixchel Pharma* or any of the other cases cited by Array on page 3 of the Motion had any specified term.[1]

As *Ixchel Pharma* recognized, the concept of requiring an independently wrongful act for interference with an "at-will contract" was previously confined to the employment context. For context, Labor Code section 2922 provides: "An employment, having no specified term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month." (Emphasis added.) Here, the contractual relationship between ConsumerDirect and Identity has an express specified term of at least three years, meaning it is not, by definition, an "at-will contract."

As for Array's argument that the IdentityClub contract provides for certain

---

[1] *NuLife Ventures, Inc. v. Avacen, Inc.*, Case No. 20-cv-2019-BAS-KSC, 2020 WL 7318122, at *13 (N.D. Cal. Dec. 11, 2020) cited by Array concerned two contracts, a Reseller Agreement with a specified term and an IBP Agreement that was at-will. *Id.* at *1-2. The court held that independently wrongful conduct was required for the claim for interference with the IBP Agreement (not the Reseller Agreement), since the IBP Agreement had no term and was at-will. *Id.* at *13.

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
19583611.1 a08/27/23

-4-

Case No. 8:21-cv-01968 (JVS) (ADSx)
OPPOSITION TO MOTION FOR
RECONSIDERATION OF MSJ ORDER

circumstances upon which the parties can terminate, i.e., upon 180 days' notice without cause or upon 15 days' notice with cause, those termination provisions do not make the contract "at-will." (*See* Dkt No. 242, Coulter Decl., Ex. 1, Sec. 8.1 & 8.2.) "An at-will [contract] may be ended by either party 'at any time without cause' for any or no reason, and subject to **no procedure** except the statutory requirement of notice." *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 335 (2000) (emphasis added). Put otherwise, the termination provisions requiring 180 days' notice or "good cause" in the IdentityClub contract are a "contractual departure from at-will status" that renders the contract no longer "at-will." *Id.* at 336; *see also Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th 338 (2010) ("If the parties agree that the employment is for a specified term or can be terminated only for good cause, however, the employment is not at will and the agreed condition must be satisfied before the termination of employment."), *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099 (9th Cir. 2007) (holding that a contract was not "at-will" where it provided for a term of one year and specific conditions when the contract could be terminated within that year), *Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 336 (2000) (holding that a contract was not "at-will" where the parties contracted for "*any* contrary understanding" that depart from an at-will relationship).

Therefore, the IdentityClub contract is not an "at-will contract," meaning that *Ixchel Pharma's* holding does not apply. The Court's ruling that ConsumerDirect does not need to prove independent wrongful acts in support of its claim for interference with this contract is correct and should not be reconsidered.

### IV. *IXCHEL PHARMA* DOES NOT APPLY WHEN THE CONTRACT WAS DISRUPTED BY AN ACT OTHER THAN TERMINATION

Even if the IdentityClub contract is somehow deemed an "at-will contract," independent wrongfulness is not required where the interference caused some disruption or breach of the contract other than termination of the contract. This Court, in *Karma Automotive LLC v. Lordstown Motors Corp.*, 2022 WL 17886045,

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
19583611.1 a08/27/23

-5-

Case No. 8:21-cv-01968 (JVS) (ADSx)
OPPOSITION TO MOTION FOR
RECONSIDERATION OF MSJ ORDER

* 14 (C.D. Cal. Nov. 18, 2022), held that independent wrongfulness was not required for an interference with contract claim where the plaintiff alleged acts other than inducement to leave the contractual relationship. *See also SSI Inc. v. Ferry*, 2021 WL 9315372 (C.D. Cal. July 28, 2012) (finding that independent wrongfulness was not required where the interference with contract claim was not predicated upon the termination of the relationship but instead on the contractual obligations breached during the relationship).

      Here, ConsumerDirect does not contend that the IdentityClub contract was disrupted or breached because IdentityClub terminated the contract as a result of Array's interference; rather, ConsumerDirect contends that IdentityClub sent website lead traffic away from ConsumerDirect's platform to Array's platform, in violation of the provision requiring IdentityClub to "maintain appropriate and reasonable marketing sites and other lead generation campaigns to produce consumer leads in high volume." (*See* Dkt No. 242, Coulter Decl., Ex. 1, Sec. 3.2.2.) Therefore, independent wrongfulness is not required for this separate reason.

## V. CONCLUSION

      For the foregoing reasons, Array's Motion for Reconsideration should be denied.

Dated: August 27, 2023

RUTAN & TUCKER, LLP

By: */s/ Proud Usahacharoenporn*
Proud Usahacharoenporn
Attorneys for Plaintiff/Counter-Defendant CONSUMERDIRECT, INC.

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for ConsumerDirect, Inc., certifies that this brief contains 1,877 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 27, 2023                    RUTAN & TUCKER, LLP

By:   */s/ Proud Usahacharoenporn*
      Proud Usahacharoenporn
      Attorneys for Plaintiff/Counter-
      Defendant CONSUMERDIRECT, INC.

Rutan & Tucker, LLP
attorneys at law

2530/102119-0036
19583611.1 a08/27/23

-7-

Case No. 8:21-cv-01968 (JVS) (ADSx)
OPPOSITION TO MOTION FOR
RECONSIDERATION OF MSJ ORDER