Ariel A. Neuman - State Bar No. 241594
  aneuman@birdmarella.com
Timothy B. Yoo - State Bar No. 254332
  tyoo@birdmarella.com
Ashley D. Bowman - State Bar No. 286099
  abowman@birdmarella.com
Kimmy Yu - State Bar No. 270234
  kyu@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Pentius, LLC,
Pentops, LLC, and System Admin, LLC,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONSUMERDIRECT, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>       vs.<br><br>PENTIUS, LLC, a Delaware limited liability company; ARRAY US, INC., a Delaware corporation; SYSTEM ADMIN, LLC, a Florida limited liability company; CTH SKIN CORP., a Delaware corporation; PENTOPS, LLC, a Delaware limited liability company; DAILY STOCKS, INC., a Delaware corporation; NECTRIS, LLC, a Utah limited liability company; CLARITY PROGRESSION, LLC, a Florida limited liability company; and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO. 8:21-cv-01968-JVS (ADS)<br><br>**DEFENDANT PENTIUS, LLC'S *EX PARTE* APPLICATION FOR REVIEW OF MAGISTRATE JUDGE'S SEPTEMBER 14, 2023 DISCOVERY ORDER (DKT. NO. 401)**<br><br>Complaint Filed:   December 1, 2021<br>Final Pre-Trial<br>  Conference:         September 18, 2023<br>Trial Date:              October 3, 2023<br><br>Assigned to Hon. James V. Selna<br>Courtroom 10C |

3890747.1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** that in accordance with Local Rules 7-19 and 72-2.1 and this Court's applicable standing orders, Defendant Pentius, LLC ("Pentius") hereby applies to the Court on an *ex parte* basis for review and modification of the Magistrate Judge's September 14, 2023 non-dispositive Order Granting in Part and Denying in Part ConsumerDirect's ("CD") Motion to Compel (Dkt. No. 401).

Pentius seeks *ex parte* relief because trial is set for October 3, 2023 and the pretrial conference is set for September 25, 2023.  Because this motion involves evidentiary matters, Pentius requests that the Court decide this issue at the pretrial conference.  Accordingly, there is good cause for this *ex parte* application.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Timothy B. Yoo and attached exhibits, all pleadings and records on file herein, and upon such further documentary and oral evidence as may be presented to the Court at the time of the hearing.

Pursuant to Local Rule 7-19, the name, address, telephone number, and email address of opposing counsel are below:

> Proud Usahacharoenporn
> Rutan & Tucker, LLP
> 18575 Jamboree Road, 9th Floor
> Irvine, CA 92612
> Email: pusaha@rutan.com
> Telephone: (714) 338-1885

On September 21, 2023, counsel for Pentius advised counsel for CD by email that Pentius intends to file objections to the Magistrate Judge's September 14, 2023 Discovery Order and the grounds of the objections.  Counsel for Pentius also conferred with counsel for Defendant Array US, Inc., who confirmed that Array is unopposed to the relief requested in this application.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 14, 2023, Magistrate Judge Spaeth entered an Order Granting in Part and Denying in Part ConsumerDirect's Motion to Compel Against Pentius, LLC and Array US, Inc. (Dkt. 401) (the "Discovery Order"). The Discovery Order requires Pentius to produce (1) the unredacted agreements between Pentius and the three credit bureaus (the "Bureau Agreements"), (2) the unredacted agreement between IDCS and TransUnion (the "IDCS Contract"), and (3) documents that show the number of 1B and 3B reports Pentius purchased from the three bureaus and sold to the clients. Pentius hereby requests that the Court reverse the Discovery Order and deny CD's Motion to Compel for the reasons set forth below.

*First*, the Magistrate Judge ruled that the Bureau Agreements and the IDCS Contract are relevant to CD's unfair competition claim because they will allegedly reveal the contractual terms agreed to by the Bureaus, which in turn will allegedly show that Pentius circumvented some "industry standard" by (1) buying unmergeable 1B reports, (2) merging them into 3B reports, and (3) selling to customers without paying the premium price applicable to mergeable 1B reports set by the bureaus. (Dkt. 401 at 3.) But as this Court has already ruled in Array's Motion for Summary Judgment, CD's UCL claim fails because it "has not established that there is a 'well-defined' industry standard, let alone that the violation of such standard is independently actionable under some means of enforcement." (Dkt. 311 at 25.) In other words, the Court has already made clear in its ruling that there is no evidence of a clear and cognizable industry standard that prevented Defendants from merging 1B credit reports or purchasing or selling them at a specific price, and CD has not established that a violation of any such "industry standard" constitutes a legal violation as required to maintain its UCL claim. Accordingly, the unredacted Bureau Agreements and IDCS Contract are completely irrelevant to CD's UCL claim.

***Second***, the Magistrate Judge ruled that Pentius's 1B and 3B purchase and sales records are similarly relevant to show Pentius allegedly circumvented "industry pricing standards" and specifically, the *extent* of such circumvention. (Dkt. 401 at 4-5.) But as stated above, this Court has already ruled that CD has failed to establish that there is any actionable "industry standard" to support its UCL claim. Accordingly, Pentius's 1B and 3B purchase and sales records are similarly irrelevant to CD's UCL claim.

The confidential pricing information and purchase and sales documents that CD seeks here are not relevant to CD's UCL claim or any remaining claims in the action. Rather, CD's discovery requests are just part of its strategy to use this litigation to obtain highly confidential information from its competitor. The Court should therefore reverse the Magistrate Judge's Discovery Order and deny CD's Motion to Compel.

## II. LEGAL STANDARD

A district court may set aside or modify a magistrate judge's order on a nondispositive matter upon finding that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); L.R. 72-2.1. "The clearly erroneous standard applies to a magistrate's factual findings, and the contrary to law standard applies to the magistrate's legal conclusion." *Physicians Healthsource Inc., v. Masimo Corp.,* No. 8:14-cv-0001-JVS-ADS, 2019 WL 1966663, at *2 (C.D. Cal. Feb. 27, 2019). An order is "clearly erroneous" if, after review, the district court has a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citation omitted).

## III. ARGUMENT

### A. The Bureau Agreements and IDCS Contract Are Not Relevant To CD's UCL Claim.

The Magistrate Judge's order that Pentius produce its Bureau Agreements and IDCS Contract unredacted, based on finding that pricing information in these

agreements is relevant to CD's unfair competition claim, is clearly erroneous. In so ruling, the Magistrate Judge stated that the information will allegedly reveal the contractual terms agreed to by the Bureaus, which in turn is relevant to show that Pentius allegedly circumvented some "industry standard" by buying unmergeable 1B reports and merging them into 3B reports. (Dkt. 401 at 3.) But as this Court has already ruled in Array's Motion for Summary Judgment, CD's UCL claim fails because it "has not established that there is a 'well-defined' industry standard, let alone that the violation of such standard is independently actionable under some means of enforcement." (Dkt. 311 at 25.) In other words, the Court has already made clear in its ruling that there is no evidence of a clear and cognizable industry standing that prevented Defendants from merging 1B credit reports or purchasing or selling them at a specific price, and CD has not established that a violation of any such "industry standard" constitutes a legal violation as required to maintain its UCL claim.

Furthermore, to the extent that CD contends Pentius's purported violation of Transunion mergeable 1B report pricing requirements constituted wrongful conduct for interference or unfair competition, that contract did not contain specific mergeable 1B pricing until Amendment 9 to the contract, effective January 2022, after the filing of this action. Pentius addresses this issue in greater detail in its MIL No. 1.

Accordingly, the pricing information in the Bureau Agreements and the IDCS Contract are completely irrelevant to CD's UCL claims and Pentius should not be ordered to produce such highly confidential information to Defendants' competitor.

### B. Pentius's 1B And 3B Purchase And Sales Records Are Not Relevant To CD's UCL Claim.

The Magistrate Judge's order that Pentius to produce its 1B and 3B purchase and sales records because such information will allegedly show Pentius circumvented the "industry pricing standard" and specifically, the *extent* of it, is

similarly clearly erroneous. (Dkt. 401 at 4-5.) But as stated above, this Court has already ruled that CD has failed to establish that there is any actionable "industry standard" to support its UCL claim. Accordingly, Pentius's 1B and 3B purchase and sales records are similarly irrelevant to CD's UCL claim.

Further, and as discussed more fully in Pentius's Motion in Limine No. 3, the volume of 1B and 3B reports Pentius bought and sold has nothing to do with any conduct that could form the proper predicate for CD's fraudulent prong of the UCL claim, which must be based on fraudulent conduct *against the consuming public*, and CD has put forth no evidence that the consuming public was harmed in any way. Even if Pentius produces the volume of its 1B and 3B purchase and sales records, nothing in them will help CD advance its UCL claim.

Accordingly, Pentius's 1B and 3B purchase and sales records are completely irrelevant to CD's UCL claims, or any claims remaining in this action, and Pentius should not be ordered to produce such information.

## IV. CONCLUSION

Based on the foregoing, Pentius respectfully requests the Court to reverse the Magistrate Judge's September 14, 2023 Order and deny CD's Motion to Compel.

DATED: September 21, 2023

Ariel A. Neuman
Timothy B. Yoo
Ashley D. Bowman
Kimmy Yu
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:  */s/ Timothy B. Yoo*
      Timothy B. Yoo
      Attorneys for Defendants Pentius, LLC,
      Pentops, LLC, and System Admin, LLC

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Pentius, LLC, certifies that this brief contains 1,391 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 21, 2023

Ariel A. Neuman
Timothy B. Yoo
Ashley D. Bowman
Kimmy Yu
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _/s/ Timothy B. Yoo_
Timothy B. Yoo
Attorneys for Defendants Pentius, LLC, Pentops, LLC, and System Admin, LLC